NO. 07-01-0470-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 18, 2003

_____

ANDREA C. DAVILA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2001-437665; HONORABLE BRADLEY S. UNDERWOOD, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION

Appellant Andrea Davila, after entering a plea of not guilty, was convicted by a jury of the offense of robbery. After finding an enhancement paragraph to be true, the jury assessed punishment at 25 years of confinement at the Texas Department of Criminal Justice Institutional Division. Appellant appeals her conviction, asserting two points of error. We affirm.

Appellant first asserts that the trial court, over appellant's objection, allowed the prosecutor to ask questions during voir dire that attempted to obtain an improper commitment from the jury panel. Appellant's second point contends that the prosecutor impermissibly prejudiced the jury by referring to extraneous offenses, not in the record, during closing arguments of the punishment phase of the trial.

Testimony at trial established that appellant entered a retail business. An employee of the store saw appellant pick up an angel figurine and put it into her purse. When confronted, appellant set the figurine down in another part of the store. Appellant was asked to remain at the store until the police arrived. Appellant refused, and as she exited the store, swung her purse at the employee, striking her in the face, causing an injury.

In appellant's first issue she asserts that the prosecutor, through voir dire, attempted to obtain an improper commitment from panel members, through the use of hypothetical sets of facts. Appellant's trial counsel timely objected and, with one exception, the objections were overruled. Appellant argues the trial court abused its discretion when it overruled the objections to these questions.

During voir dire, the prosecutor recited to the panel the statutory definition of the phrase "In the course of committing theft," as an element of the offense of robbery. That definition reads, "'In the course of committing theft' means conduct that occurs in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of theft." Texas Penal Code Ann. § 29.01(1) (Vernon 2003). He proceeded to

2

question individuals in the panel about their understanding of the phrase. In the first exchange that is at issue, the prosecutor asked:

> Now, let me ask, based on this definition, conduct that occurs in an attempt to commit, during the commission, or in the immediate flight after the attempt or commission of a theft, must the theft be successful? Must they get away with the property?

Appellant's counsel objected to this question. His objection was overruled. The questioning continued:

> So, your answer is no, you do not have to have a completed theft?
>
> A.      No. That's correct.
>
> Q.      And the reason that is true is because the conduct that occurs is in an attempt to commit, during the commission, or in the immediate flight after the attempt or commission of a theft.

Appellant's counsel renewed his objection to the line of questioning. The objection was overruled. A short time later the prosecutor asked this question:

> Okay. Does anyone disagree with him? Okay. Now, let's give a case where, let's say...well, let me give you this example. Let's say I steal property, but then I leave, and as I'm leaving, I hit you. What do you think about that?

At this point the defense attorney objected on the basis that the prosecutor was asking for conclusions of law from the jury. The trial court sustained the objection, and instructed the prosecutor to "move onto something else." The prosecutor then asked:

3

Q. Will you agree with me that there are a whole host of different ways that a robbery can occur?

A. Yes.

Q. And that as long as it meets the elements of the offense, that in the course of committing a theft or in the immediate flight after the attempt or commission of theft, that that's a robbery?

Appellant's counsel again objected and was overruled. Appellant asserts that these questions were improper attempts to obtain commitments from the venire panel based on a specific set of facts. The State argues that the questions were asked only to determine if the potential jurors were willing to follow the law as it pertained to the case.

A trial court has wide discretion in conducting voir dire, and its rulings are reviewed under an abuse of discretion standard. *See Atkins v. State*, 951 S.W.2d 787, 790 (Tex.Crim.App. 1997); *Camacho v. State*, 864 S.W.2d 524, 531 (Tex.Crim.App. 1993). The trial court has discretion in determining if a specific question asked during voir dire is proper and its decision will not be disturbed absent an abuse of discretion, *Camacho, 864 S.W.2d* at 531, but the court must not exceed its discretion by denying a proper question or allowing an improper question. *Atkins, 951* S.W.2d at 790.

Under the definition adopted by the Court of Criminal Appeals, a commitment question is one that commits a prospective juror to resolve, or to refrain from resolving, an issue a certain way after learning a particular fact. *See Standefer v. State*, 59 S.W.3d 177, 179 (Tex.Crim.App. 2001). Stated another way, a question is a commitment question if

4

one or more of the possible answers is that the prospective juror would resolve or refrain from resolving an issue in the case on the basis of one or more facts contained in the question. *Id*. at 180. Hypothetical questions may be asked during voir dire to determine the views of prospective jurors and help explain the law, but a commitment question is improper unless the facts included in the hypothetical are limited to those necessary to establish whether the prospective juror is subject to challenge for cause. *Id*. at 182. A venire member may be challenged for cause if he possesses a bias against a phase of the law upon which the State or the defendant is entitled to rely. Tex. Code Crim. Proc. Ann. art. 35.16(b)(3) & (c)(2) (Vernon Supp. 2003).

Appellant's counsel objected to four questions posed by the prosecutor. The first of the four questions, in which the prosecutor inquired of the prospective jurors whether the phrase "in the course of committing theft" requires that the theft be successful, is a commitment question. It hypothetically asks the prospective jurors whether they would find that an act was committed "in the course of committing theft" on the basis of whether the theft was successful, i.e., (in the prosecutor's words) the actor did not get away with the property.[1] It is not, though, an improper commitment question. An act may be committed "in the course of committing theft" even though the theft was not successful. *Garza v. State*, 937 S.W.2d 569, 570-71 (Tex.App.–San Antonio 1996, writ ref'd). A prospective juror who would require the State to show that the theft was successful in order to make the finding would be subject to challenge for cause, since that juror would require the State

---

[1]The "success" of the theft was a potential issue in the case, since the testimony would indicate that appellant did not remove the figurine from the store.

to prove a fact that the statute expressly does not require. *See Castillo v. State*, 913 S.W.2d 529 (Tex.Crim.App. 1995); *White v. State*, 779 S.W.2d 809 (Tex.Crim.App. 1989) (prospective juror Simmons).[2] The first question, therefore, does not contain more facts than necessary to establish whether the venire member was subject to challenge for cause. It was not an abuse of the trial court's discretion to permit the question.

The second and fourth questions to which appellant objected contain no facts at all, but simply restate elements of the definition of the phrase "in the course of committing theft" from the Penal Code. Those questions therefore were not commitment questions. The trial court did not abuse its discretion in overruling appellant's objections to them.[3]

Appellant's objection to the prosecutor's third question was sustained, and appellant requested no further relief from the trial court. No complaint is presented for our review, therefore, with respect to that objection. Tex.R.App.Proc. 33.1; *See Tucker v. State*, 990 S.W.2d 261, 262 (Tex.Crim.App. 1999); *Dixon v. State*, 2 S.W.3d 263, 265 (Tex.Crim.App. 1998) (preservation of error requires adverse ruling from the trial court);

---

[2]Such a prospective juror would thus be objectionable under article 35.16(b)(3) of the Code of Criminal Procedure, unlike the prospective juror in *Castillo*, who the Court of Criminal Appeals found not to be subject to challenge for cause simply because of his understanding of the nature of proof beyond a reasonable doubt. *Castillo*, 913 S.W.2d at 535.

[3]Appellant argues also that the fourth question was premised on the third question, containing the factual situation he had been instructed by the court to avoid, and that in combination the questions result in an improper attempt to commit the panel. We do not agree with appellant's reading of the record. As we read the record, the premise of the prosecutor's fourth question to which appellant objected was the question that immediately preceded it, in which the prosecutor asked "Will you agree with me that there are a whole host of different ways that a robbery can occur?"

*Schumacher v. State*, 72 S.W.3d 43, 47 (Tex.App.–Texarkana 2001, pet. ref'd) (applying rule to comment during voir dire). Further, it is a prerequisite to appellate review of the trial court's ruling on an objection, that the issue raised on appeal correspond to the objection made at trial. *See Dixon*, 2 S.W.3d at 265. Appellant's objection to the prosecutor's third question was that it asked for "conclusions of law from the jury." That objection would not preserve for appellate review a complaint that the question is an improper commitment question.

In summary, we find that the questions as to which appellant has preserved her complaints of error did not improperly attempt to commit the jury panel to the resolution of issues based on particular facts, but were permissible attempts to explain the law and determine the prospective jurors' ability to follow it. *See Standefer*, 59 S.W.3d at 182; *Atkins*, 951 S.W.2d at 789. Appellant's first point of error is overruled.

In her second point of error, appellant complains that the prosecutor impermissibly prejudiced the jury by referring to an extraneous offense, not in the record, during closing arguments of the punishment phase of the trial.

During the punishment phase, the prosecutor entered appellant's "pen packet" into evidence, without objection by the defense. In closing argument to the jury, the prosecutor referred to two offenses of theft committed by appellant in November of 1996 and January of 1997. These offenses were listed in a Motion to Revoke Probation contained in the pen packet. Appellant's counsel objected to the reference to these two offenses, on the basis

that they were not part of the record. Appellant asked for a jury instruction to disregard the prosecutor's statement.  The court sustained the objection, and instructed the jury not to refer to that information.  Appellant did not ask for a mistrial.

With its appellee's brief, the State has submitted an agreement between the parties pursuant to Rule 34.6(e) of the Rules of Appellate Procedure. The State and appellant have, by agreement, corrected an inaccuracy in the reporter's record of the trial. The agreement is to the effect that the offenses to which the prosecutor referred in his argument were in evidence at the time of the prosecutor's argument and were not then outside the record. The agreement further states that, after the State's argument on punishment, the exhibit containing that information was redacted by the trial court in a way that deleted the references to the offenses.

Based on the agreement, we find no impropriety in the prosecutor's argument.  The State further points out that even if the prosecutor's argument was improper, no complaint of error concerning it was preserved at trial for appellate review.  To preserve error, a specific objection must be pressed to the point of obtaining an adverse ruling, whether that is to an objection, a request that the jury be instructed to disregard the evidence, or a motion for mistrial. *See Tucker*, 990 S.W.2d at 262; *Hernandez v. State*, 914 S.W.2d 226, 230 (Tex.App.–Waco 1996, no pet.).  Here, the trial court sustained appellant's objection to the argument and instructed the jury accordingly. Appellant's brief argues that the

evidence of these two extraneous offenses was so prejudicial that even the instruction to disregard could not remove their prejudicial effect. If so, preservation of the error for appellate review required that the trial court be given the opportunity to cure the error via a motion for mistrial.[4] In the absence of the denial of such a motion, appellant cannot here complain of the alleged error. *See Cockrell v. State*, 933 S.W.2d 73, 89 (Tex.Crim.App. 1996). Appellant's second point of error is overruled.

Having overruled appellant's points of error, we affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

---

[4]The case cited by appellant, *Melton v. State*, 713 S.W.2d 107 (Tex.Crim.App. 1986), illustrates the proper procedure. There, the defendant's counsel objected to the prosecutor's closing argument. The trial court sustained the objection and ordered the jury to disregard the prosecutor's statement. The defendant's counsel then moved for a mistrial, which was denied. *Id*. at 114.