NO. 07-07-0059-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 10, 2007

______________________________


TEXAS COMMISSION ON ENVIRONMENTAL QUALITY, APPELLANT

V.

GALVESTON BAY CONSERVATION AND PRESERVATION ASSOCIATION,
GALVESTON BAY FOUNDATION, AND MATAGORDA BAY FOUNDATION, APPELLEES


_________________________________

FROM THE 345TH DISTRICT COURT OF TRAVIS COUNTY;

NO. GN4-00160; HONORABLE SUZANNE COVINGTON, JUDGE

_______________________________


Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.


ORDER ON MOTION FOR RE-TRANSFER OF RELATED APPEALS


          Appellees, Galveston Bay Conservation and Preservation Association, Galveston
Bay Foundation, and Matagorda Bay Foundation have requested the Texas Supreme
Court transfer this case to the Thirteenth Court of Appeals at Corpus Christi for purposes
of consistency and judicial economy. Following the procedure set forth in Miles v. Ford
Motor Company,


 Appellees have filed their motion with both the Texas Supreme Court
and the Seventh Court of Appeals. Appellees request this Court forward the motion to the
Texas Supreme Court with written designation as to whether this Court has any objection
to the proposed transfer. Appellant has filed a response opposing the relief requested. 
Having considered the arguments and authorities presented, the Seventh Court of Appeals
defers to the wisdom and judgment of the Texas Supreme Court, but states that it has no
objection to the transfer of this case to the Thirteenth Court of Appeals.
          Accordingly, the Clerk of this Court is ordered to forward Appellees’ Motion for Re-Transfer of Related Appeals and Appellant’s Response to the Texas Supreme Court for
determination. Pending an order from the Texas Supreme Court, nothing herein shall be
construed as abating, extending, or otherwise altering any appellate deadline in this cause.
 
                                                                           Per Curiam



. 2001). Stated another way, a question is a commitment question if
one or more of the possible answers is that the prospective juror would resolve or refrain
from resolving an issue in the case on the basis of one or more facts contained in the
question. Id. at 180. Hypothetical questions may be asked during voir dire to determine
the views of prospective jurors and help explain the law, but a commitment question is
improper unless the facts included in the hypothetical are limited to those necessary to
establish whether the prospective juror is subject to challenge for cause. Id. at 182. A
venire member may be challenged for cause if he possesses a bias against a phase of the
law upon which the State or the defendant is entitled to rely. Tex. Code Crim. Proc. Ann.
art. 35.16(b)(3) & (c)(2) (Vernon Supp. 2003).

Appellant's counsel objected to four questions posed by the prosecutor. The first
of the four questions, in which the prosecutor inquired of the prospective jurors whether
the phrase "in the course of committing theft" requires that the theft be successful, is a
commitment question. It hypothetically asks the prospective jurors whether they would find
that an act was committed "in the course of committing theft" on the basis of whether the
theft was successful, i.e., (in the prosecutor's words) the actor did not get away with the
property. (1) It is not, though, an improper commitment question. An act may be committed
"in the course of committing theft" even though the theft was not successful. Garza v.
State, 937 S.W.2d 569, 570-71 (Tex.App.-San Antonio 1996, writ ref'd). A prospective
juror who would require the State to show that the theft was successful in order to make
the finding would be subject to challenge for cause, since that juror would require the State
to prove a fact that the statute expressly does not require. See Castillo v. State, 913
S.W.2d 529 (Tex.Crim.App. 1995); White v. State, 779 S.W.2d 809 (Tex.Crim.App. 1989)
(prospective juror Simmons). (2) The first question, therefore, does not contain more facts
than necessary to establish whether the venire member was subject to challenge for
cause. It was not an abuse of the trial court's discretion to permit the question.

The second and fourth questions to which appellant objected contain no facts at
all, but simply restate elements of the definition of the phrase "in the course of committing
theft" from the Penal Code. Those questions therefore were not commitment questions.
The trial court did not abuse its discretion in overruling appellant's objections to them. (3)

Appellant's objection to the prosecutor's third question was sustained, and
appellant requested no further relief from the trial court. No complaint is presented for our
review, therefore, with respect to that objection. Tex.R.App.Proc. 33.1; See Tucker v.
State, 990 S.W.2d 261, 262 (Tex.Crim.App. 1999); Dixon v. State, 2 S.W.3d 263, 265
(Tex.Crim.App. 1998) (preservation of error requires adverse ruling from the trial court);
Schumacher v. State, 72 S.W.3d 43, 47 (Tex.App.-Texarkana 2001, pet. ref'd) (applying
rule to comment during voir dire). Further, it is a prerequisite to appellate review of the
trial court's ruling on an objection, that the issue raised on appeal correspond to the
objection made at trial. See Dixon, 2 S.W.3d at 265. Appellant's objection to the
prosecutor's third question was that it asked for "conclusions of law from the jury." That
objection would not preserve for appellate review a complaint that the question is an
improper commitment question. 

In summary, we find that the questions as to which appellant has preserved her
complaints of error did not improperly attempt to commit the jury panel to the resolution of
issues based on particular facts, but were permissible attempts to explain the law and
determine the prospective jurors' ability to follow it. See Standefer, 59 S.W.3d at 182;
Atkins, 951 S.W.2d at 789. Appellant's first point of error is overruled. 

In her second point of error, appellant complains that the prosecutor impermissibly
prejudiced the jury by referring to an extraneous offense, not in the record, during closing
arguments of the punishment phase of the trial. 

During the punishment phase, the prosecutor entered appellant's "pen packet" into
evidence, without objection by the defense. In closing argument to the jury, the prosecutor
referred to two offenses of theft committed by appellant in November of 1996 and January
of 1997. These offenses were listed in a Motion to Revoke Probation contained in the pen
packet. Appellant's counsel objected to the reference to these two offenses, on the basis
that they were not part of the record. Appellant asked for a jury instruction to disregard the
prosecutor's statement. The court sustained the objection, and instructed the jury not to
refer to that information. Appellant did not ask for a mistrial. 


With its appellee's brief, the State has submitted an agreement between the
parties pursuant to Rule 34.6(e) of the Rules of Appellate Procedure. The State and
appellant have, by agreement, corrected an inaccuracy in the reporter's record of the trial.
The agreement is to the effect that the offenses to which the prosecutor referred in his
argument were in evidence at the time of the prosecutor's argument and were not then
outside the record. The agreement further states that, after the State's argument on
punishment, the exhibit containing that information was redacted by the trial court in a way
that deleted the references to the offenses. 

 Based on the agreement, we find no impropriety in the prosecutor's argument. The
State further points out that even if the prosecutor's argument was improper, no complaint
of error concerning it was preserved at trial for appellate review. To preserve error, a
specific objection must be pressed to the point of obtaining an adverse ruling, whether that
is to an objection, a request that the jury be instructed to disregard the evidence, or a
motion for mistrial. See Tucker, 990 S.W.2d at 262; Hernandez v. State, 914 S.W.2d 226,
230 (Tex.App.-Waco 1996, no pet.). Here, the trial court sustained appellant's objection
to the argument and instructed the jury accordingly. Appellant's brief argues that the
evidence of these two extraneous offenses was so prejudicial that even the instruction to
disregard could not remove their prejudicial effect. If so, preservation of the error for
appellate review required that the trial court be given the opportunity to cure the error via
a motion for mistrial. (4) In the absence of the denial of such a motion, appellant cannot
here complain of the alleged error. See Cockrell v. State, 933 S.W.2d 73, 89
(Tex.Crim.App. 1996). Appellant's second point of error is overruled. 

 Having overruled appellant's points of error, we affirm the judgment of the trial court.

 James T. Campbell

 Justice





Do not publish. 



1. The "success" of the theft was a potential issue in the case, since the testimony
would indicate that appellant did not remove the figurine from the store. 
2. Such a prospective juror would thus be objectionable under article 35.16(b)(3) of
the Code of Criminal Procedure, unlike the prospective juror in Castillo, who the Court of
Criminal Appeals found not to be subject to challenge for cause simply because of his
understanding of the nature of proof beyond a reasonable doubt. Castillo, 913 S.W.2d at
535. 
3. Appellant argues also that the fourth question was premised on the third question,
containing the factual situation he had been instructed by the court to avoid, and that in
combination the questions result in an improper attempt to commit the panel. We do not
agree with appellant's reading of the record. As we read the record, the premise of the
prosecutor's fourth question to which appellant objected was the question that immediately
preceded it, in which the prosecutor asked "Will you agree with me that there are a whole
host of different ways that a robbery can occur?"
4. The case cited by appellant, Melton v. State, 713 S.W.2d 107 (Tex.Crim.App.
1986), illustrates the proper procedure. There, the defendant's counsel objected to the
prosecutor's closing argument. The trial court sustained the objection and ordered the jury
to disregard the prosecutor's statement. The defendant's counsel then moved for a
mistrial, which was denied. Id. at 114.