William ZINGER, Appellant,

v.

The STATE of Texas, Appellee.

No. 741–95.

Court of Criminal Appeals of Texas, En Banc.

Sept. 11, 1996.

Keith S. Hampton, Linda Icenhauer–Ramirez, Austin, for appellant.

Phillip A. Nelson, Jr., Assistant District Attorney, Matthew Paul, State's Attorney, Austin, for State.

### OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

A jury convicted appellant of aggravated sexual assault and assessed punishment at confinement for thirty-five years. On appeal appellant contended, *inter alia*, that the trial court erred in granting the State's challenge for cause against venireperson Robin Gatling after Gatling stated that he could not conceive of convicting someone on the basis of testimony from a single witness. Appellant argued on appeal that Gatling's voir dire shows only that his threshold for reasonable doubt was higher than the legal minimum to support a conviction, and this is permissible under *Garrett v. State*, 851 S.W.2d 853 (Tex. Cr.App.1993).

The Court of Appeals rejected appellant's contention by relying on *Coleman v. State*,

881 S.W.2d 344, 359–360 (Tex.Cr.App.1994), instead of *Garrett*. *Zinger v. State*, 899 S.W.2d 423, 428 (Tex.App.Austin, 1995). *Coleman* addressed the issue of a venireperson holding the State to a burden of proof greater than beyond a reasonable doubt. We granted appellant's petition for discretionary review to address his claim that the Court of Appeals misread Gatling's voir dire and that under *Garrett* the trial court erred in sustaining the State's challenge for cause.[1]

### FACTS

The prosecutor asked the jury panel whether anyone could convict a defendant on the basis of one witness' testimony if they believed that witness beyond a reasonable doubt. Gatling indicated that he could not convict only on one person's word. A little later the trial court explained the law and clarified the question to the panel in this fashion:

> If you believe the witness beyond a reasonable doubt, even though there's only one and they have met your burden, they've met your level of reasonable doubt, you're required to vote guilty. If they haven't met the level of reasonable doubt that you have in your own mind, you're not required to vote guilty, even though there's only one witness. You can convict a person on one witness' testimony if you believe that witness.

Later during individual questioning Gatling explained his position:

> [Prosecutor]: Mr. Gatling, I was questioning you about whether you could believe a witness—if you believed a witness beyond a reasonable doubt and that witness established all the elements of the State's case, that one witness. And I believe it was your statement was [sic] that one witness is not enough, you were going to need more.
>
> Gatling: That's correct. In the scenario that you laid out, if someone was walking down the street, my neighbor robbed me,

in that scenario, yes. If there was nothing else, even though I probably wouldn't like it myself, but that's the situation.

> [Prosecutor]: And what it comes down to is, even though you can believe that person beyond a reasonable doubt, what that person is saying, you still want more?
>
> Gatling: *There's a question right there of reasonable doubt.*
>
> [Prosecutor]: What the law says is that that's the standard.
>
> Gatling: Okay.
>
> [Prosecutor]: Are you saying that anytime there's only one witness, that that standard can't be reached for you, no matter what?
>
> Gatling: Not for me, no, sir. I wouldn't— no matter who it was, if it was just one person against another person, *to get to that point that you're suggesting, I wouldn't be able to do it.*
>
> [Prosecutor]: You couldn't do it?
>
> Gatling: No, sir.
>
> [Defense Attorney]: So what you're saying, you understand that if you were convinced beyond a reasonable doubt, your obligation would be to vote to convict someone, but what you're saying, as I understand it, is *you just cannot conceive reaching proof beyond a reasonable doubt only on one witness.*
>
> Gatling: I couldn't get to that point.

The State challenged Gatling for cause. The defense attorney objected, stating that what Gatling had said was "it would be difficult for him to reach the point of proof beyond a reasonable doubt, he has not said that if he were convinced beyond a reasonable doubt he would not convict." The trial court granted the State's challenge.

### COURT OF APPEALS' HOLDING

The Court of Appeals acknowledged appellant's argument as "persuasive" that *Garrett* overruled *Caldwell v. State*, 818 S.W.2d 790 (Tex.Cr.App.1991), *cert. denied,* 503 U.S. 990,

---

1. We also granted appellant's petition on two other grounds: one ground raised this same contention involving another venireperson; the other ground concerned the admission of hearsay statements made to a psychologist under Tex.

R.Crim.Evid. 803(4). Because of the disposition of appellant's ground regarding venireperson Gatling, we need not address these other grounds. Thus, grounds one and four are dismissed.

112 S.Ct. 1684, 118 L.Ed.2d 399 (1992), so that sustaining the State's challenge for cause would be error if that were the only reason for the challenge. *Zinger*, 899 S.W.2d at 428. However, the Court of Appeals upheld the trial court's action on a different basis. The Court of Appeals asserted Gatling had stated that even if he believed the one witness beyond a reasonable doubt he could not convict a person based on the testimony of that single witness. Therefore, the court found the trial court correctly sustained the State's challenge for cause because Gatling would hold the State to a higher standard than proof beyond a reasonable doubt. The court explained that in *Coleman* a venireperson was properly excluded for cause because she stated she would have to be one hundred percent certain before she could affirmatively answer the future dangerousness punishment issue. *Ibid.* (citing *Coleman*, 881 S.W.2d at 359–360). In contrast *Garrett* involved a venireperson who set his individual definition of proof beyond a reasonable doubt at a higher level than the legal minimum required to support such an affirmative finding conviction. Here, the Court of Appeals stated that presumably the venireperson in *Garrett* would have been able to affirmatively answer the punishment issue once his individual threshold was met, while in *Coleman* the venireperson would hold the

State to a standard higher than proof beyond a reasonable doubt. The Court of Appeals concluded that Gatling was properly excluded from the jury panel because he had stated "that even after the level of proof surpassed [his] personal definition of beyond a reasonable doubt, [he] would not be able to convict a defendant without more. [Gatling] clearly had a bias or prejudice against a phase of the law upon which the State is entitled to rely." *Ibid.* See, Tex.Code Crim. Proc. Ann. art. 35.16(b)(3).

### APPELLANT'S CONTENTION

Appellant disputes the Court of Appeals' reading of the record. He contends that Gatling, similar to the venireperson in *Garrett*, indicated that his threshold of reasonable doubt might be higher than what the State might prefer, but that he could convict once his threshold was met. Therefore, appellant argues that *Garrett* controls the disposition of this issue and not *Coleman*.

### ANALYSIS

When the record reflects a vacillating or equivocal venireperson, the reviewing court is bound by the trial court's judgment in the matter. *Brown v. State*, 913 S.W.2d 577 (Tex.Cr.App.1996).[2] Gatling's voir dire is

2. A good example of this kind of venireperson is presented in the instant case by venireperson Thomas Sharpe, who is the subject of Appellant's ground number one. Sharpe took two positions: first, that he could never convict based on the testimony of a single witness even if he believed that witness beyond a reasonable doubt; and second, he would never be convinced beyond a reasonable doubt by one witness. The trial court granted the State's challenge for cause.

During questioning of the jury panel, Sharpe had stated that he could not convict based on the testimony of one witness. He was asked if he understood the distinction between being convinced by one witness beyond a reasonable doubt but not voting ·to convict and not being convinced beyond a reasonable doubt. He replied, "My evaluation of the issue is, I don't want to see a person's life be ruined based on testimony of only one person. I would never say, you know, I'm convinced based on one person. There has to be somebody else." During individual questioning Sharpe reiterated his belief:
[Prosecutor]: Mr. Sharpe, you've been asked several times in the same manner about whether you can convict someone on the testimony

of one witness, even if you believe beyond a reasonable doubt that witness' testimony establishes the elements of the offense; is that correct? I think it's always been your statement that one witness, under any circumstance, is not enough.
Sharpe: That's not enough for me.
[Prosecutor]: Regardless of whether or not you believe that witness beyond a reasonable doubt?
Sharpe: That's not enough.

\*   \*   \*   \*   \*   \*

[Defense Attorney]: Mr. Sharpe, is what you're saying that you cannot imagine being convinced beyond a reasonable doubt by only one witness? Do you understand that there is a distinction between being convinced beyond a reasonable doubt and being convinced beyond a reasonable doubt and still not being willing to convict someone?
Sharpe: Right.
[Defense Attorney]: Which of those two are you saying?
Sharpe: I would not be willing to convict someone based on even convincing testimony of one person.

neither vacillating nor equivocal. Rather, Gatling was unwavering once the distinction was clarified between (1) reaching the level of what Gatling, himself, believed would constitute reasonable doubt and (2) refusing to convict even if one witness' testimony convinced him beyond a reasonable doubt of a defendant's guilt. Gatling was clear that he would always have reasonable doubt in a one witness case. The prosecutor finally asked the question as a single sentence, stating, "And what it comes down to is, even though you can believe that person beyond a reasonable doubt, what that person is saying, you still want more?" Gatling replied, "There's a question right there of reasonable doubt." The prosecutor again asked about the reasonable doubt standard and Gatling repeated, "I wouldn't—no matter who it was, if it was just one person against another person, to get to that point that you're suggesting, I wouldn't be able to do it." Finally, the defense attorney stated that he understood Gatling to say he could not reach proof beyond a reasonable doubt with one witness. Gatling confirmed that, stating, "I couldn't get to that point."

In *Coleman* the venireperson accepted the State's definition that reasonable doubt did not mean beyond all doubt, one hundred percent certain. With that in mind, the venireperson stated that she would require the State to prove more than reasonable doubt, that she would have to be one hundred percent certain. Gatling's statements are not similar to those made in *Coleman*. Once Gatling's views were clarified, Gatling did not say he would hold the State to a burden higher than proof beyond a reasonable doubt. Instead, he stated that in his mind, the evidence could not meet the standard of proof beyond a reasonable doubt in a case with one witness. Therefore, the Court of Appeals erred in finding *Coleman* controlled this case.

[Defense Attorney]: So you're saying that you could not be convinced beyond a reasonable doubt?
Sharpe: I could not send a person to jail based on convincing—overwhelmingly convincing testimony of one person.

As Appellant contended in the Court of Appeals and in his petition, *Garrett* and its effect on *Caldwell* are the issues presented in this case. In *Castillo v. State*, 913 S.W.2d 529 (Tex.Cr.App.1995) (plurality op.), we held that "a venireman who categorically refuses to render a guilty verdict on the basis of only one eyewitness is not challengeable for cause on that account so long as his refusal is predicated on his reasonable understanding of what constitutes proof beyond a reasonable doubt." *Castillo*, 913 S.W.2d at 538. For these reasons we hold the Court of Appeals erred in holding the trial court did not err granting the State's challenge for cause to veniremember Gatling.

Usually we would set aside the Court of Appeals' judgment and remand the case to that court for a harm analysis. However, in a non-capital case when a State's challenge for cause was erroneously granted, the next step is to determine if the State used all of its peremptory challenges. *Payton v. State*, 572 S.W.2d 677 (Tex.Cr.App.1978). Because this can be accomplished by simply checking the record, we see no need to remand the case to the Court of Appeals to perform this task. In the instant case the State used its ten peremptory challenges, so Appellant was harmed. Accordingly, the judgments of the trial court and the Court of Appeals are reversed. The case is remanded to the trial court.

MEYERS, Judge, concurring.

I agree that exclusion of veniremember Gatling was contrary to the rule announced by our opinions in *Garrett v. State*, 851 S.W.2d 853 (Tex.Crim.App.1993) and *Castillo v. State*, 913 S.W.2d 529 (Tex.Crim.App. 1995). No prospective juror may be excluded for cause from jury service just because he is sure that the testimony of a single witness will not convince him beyond reasonable doubt of the defendant's guilt. He is

[Defense Attorney]: Okay. Now—but so I guess the question is, are you saying that you cannot conceive of being convinced beyond a reasonable doubt by only one witness?
Sharpe: That's correct.
The trial judge granted the State's challenge for cause.

excludable only if he states, as another veniremember did in this case, "I doubt I could be convinced beyond reasonable doubt with only one witness, but even if I was convinced, I still could not convict that person."

Gatling's testimony makes it clear that he did not think he could ever be convinced of guilt beyond reasonable doubt by a single prosecution witness, but nowhere so much as suggests that he would acquit even if he were. Under our precedents, therefore, reversal of the conviction in this cause is not only required, but unremarkable.

Nevertheless, application of the *Garrett/Castillo* rule in new cases continues to be painful, and a few words of sympathy are in order. I am always struck by the incurability of jury selection error once the trial begins, and often find it regrettable that a conviction must be reversed for mistakes which might not actually have affected the verdict. But we are committed by Rule 81(b)(2) of our Rules of Appellate Procedure to reverse all judgments under review if error was committed at trial unless we "determine[ ] beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment." This is a high level of confidence, and one which can never be met in the case of jury selection error because the task is intrinsically too speculative. *See Marin v. State,* 851 S.W.2d 275 (Tex. Crim.App.1993); *Nunfio v. State,* 808 S.W.2d 482 (Tex.Crim.App.1991); *Sodipo v. State,* 815 S.W.2d 551 (Tex.Crim.App.1990). We cannot know with any certainty, let alone beyond reasonable doubt, whether appellant would have been convicted had Gatling served on his jury. We cannot know whether the State would have used a peremptory strike against Gatling had its challenge for cause been overruled, nor who would have served in Gatling's place had the State used a peremptory challenge against him. If we follow the admonishment of Rule 81(b)(2), none of us can fairly say that the record affirmatively discloses a lack of harm beyond reasonable doubt.

But we do suspect that the persons who actually served on appellant's jury were fair to him and that their verdict was adequately supported by the evidence. For this reason, it may be appropriate to address the broad public concern that this Court sometimes orders accused criminals to be retried at considerable expense and inconvenience even when we cannot be sure that they did not have a fair trial the first time. Certainly, the public often wonders why this Court cannot just declare a trial to have been tolerably fair whenever it seems intuitively to have been so, even though the trial judge violated some of the very laws enacted by our Legislature specifically to promote the fairness of trials.

There are no easy answers to these questions. Clearly, trials have become such complicated affairs that the public finds them incomprehensible and yearns for a simpler, more viscerally satisfying method of adjudication. But most of the rules which contribute to the complexity of litigation were enacted by the Legislature, not imposed by the courts. And it is the essence of judicial conservatism that the courts should interpret and implement the law, not make laws or repeal laws enacted by the legislative representatives of the people, no matter how senseless or irresponsible those laws may seem in practice. Thus, when statutes do not seem to promote fairness of the judicial process, they should arguably be repealed, but it is not for the courts to do so.

Because jury selection is entirely controlled by statute, I am committed by my oath to uphold the rules controlling exclusion of veniremembers in every case coming before me for decision except to the extent that those rules violate the Constitution of Texas or of the United States. Article 35.16 of the Code of Criminal Procedure prescribes in detail the only legally available grounds for excluding a veniremember from jury service. *Butler v. State,* 830 S.W.2d 125, 130 (Tex. Crim.App.1992). *But see Mason v. State,* 905 S.W.2d 570, 577 (Tex.Crim.App.1995). Although the statute does allow the State to remove every person with "a bias or prejudice against any phase of the law upon which the State is entitled to rely for conviction or punishment[,]" Tex.Code Crim. Proc. art. 35.16(b)3, it is well-settled that the trial judge commits error to remove a veniremember upon this ground who does not have

such a bias or prejudice. *E.g., Wilson v. State,* 863 S.W.2d 59, 69 (Tex.Crim.App. 1993).

We could hold, of course, that the erroneous exclusion for cause of a qualified veniremember never amounts to *reversible* error, that only the erroneous inclusion of a veniremember who is challengeable for cause actually denies the accused a fair and impartial trial. But we would first have to accept that the exclusion of qualified persons from jury service never renders a trial unfair. Then, we would have to overrule a good deal of case law. And finally, we would have to amend article 35.16. As a conservative jurist, I cannot fairly support any of these positions.

In the first place, jury trials cannot be expected to function fairly when the judge has discretionary authority to permit the exclusion of qualified jurors whenever he thinks it would be a good idea. The danger is too great that more jurors favorable to one side than to the other would be excused. It seems far better to me that the issue be rule-governed. I am convinced, therefore, that the rule prohibiting exclusion of qualified veniremembers does actually promote the fairness of adversarial jury litigation.

In the second place, I could not accept the suggestion that we abandon a consistent line of judicial interpretation holding that the exclusion of qualified veniremembers is error. Judges and lawyers alike are familiar with the law on this subject, and there has been no serious argument to my knowledge that it be changed by judicial interpretation. In the absence of some compelling reason to exempt erroneous exclusion from the rule of reversal, *stare decisis* militates that we remain faithful to precedent. *McGlothlin v. State,* 896 S.W.2d 183, 188–89 (Tex.Crim.App.1995).

Finally, we are simply not authorized to amend a statute. Article 35.16 plainly authorizes exclusion of prospective jurors only under specified conditions. To permit exclusion under other circumstances as well, or to condone exclusion under a condition which has not been met, would be to substantially involve this Court in the legislative process contrary to article II of the Texas Constitution, which requires a separation of powers in government.

In short, however much we may suspect that errors such as the one committed in this case did not affect the outcome of trial, however much we may suspect that the jurors who tried appellant were entirely fair in their deliberations, we are not at liberty under the law to ratify the judgment of conviction in this case, nor will we be in subsequent cases where the same error occurs. If it seems to some that this is too harsh a rule, the only solution is to amend or repeal article 35.16. For that, the people must consult their legislators. But until that happens, this Court remains obliged to reverse convictions whenever a veniremember was erroneously excluded for cause from jury service at the request of the State. The best that we can do is to make a clear statement of the law so that trial judges and lawyers do not have to guess at its meaning. Once that is done, the public has a right to expect and this Court has a duty to ensure that trial judges bear responsibility for excluding prospective jurors in violation of the law.

With these additional remarks, I join the Court's opinion.

KELLER, Judge, dissenting with note:

I dissent for the same reasons I dissented in *Castillo v. State,* 913 S.W.2d 529, 541–542 (Tex.Cr.App.1995) (plurality opinion) (Keller, J., dissenting).

McCORMICK, Presiding Judge, dissenting.

I respectfully dissent. The majority holds this case is controlled by *Castillo v. State,* 913 S.W.2d 529 (Tex.Cr.App.1995). However, this case clearly is distinguishable from *Castillo.* In *Castillo,* this Court held a veniremember who stated he could not convict on the basis of one eyewitness is not challengeable for cause "on that account so long as his refusal is predicated on his reasonable understanding of what constitutes proof beyond a reasonable doubt." *Castillo,* 913 S.W.2d at 533. However, this Court also stated:

"A venireman who says, for instance, that he could not convict even if he believed the State's only eyewitness, and that testimony convinced him beyond a reasonable doubt of the defendant's guilt, can he be challenged for cause, [*Garrett v. State,* 851 S.W.2d 853 (Tex.Cr.App.1993) ] notwithstanding. Such a venireman really does hold the State to a higher burden of proof than the law allows." *Castillo,* 913 S.W.2d at 533.

Therefore, under *Castillo,* a veniremember is challengeable for cause if he says he could not convict on the basis of one eyewitness *even if he believed that witness beyond a reasonable doubt.* See *id.*

However, the record in this case reflects the "proper" question under *Castillo* was asked. The veniremember was informed the law required him to convict on the basis of one eyewitness if he believed the witness beyond a reasonable doubt, and then was asked whether he could convict under those circumstances. The veniremember replied he "couldn't get to that point."

"Q. [PROSECUTOR]: Are you saying that anytime there's only one witness, that that standard [i.e., reasonable doubt] can't be reached for you, no matter what?

"A. [VENIREMEMBER]: Not for me, no sir. I wouldn't—no matter who it was, if it was just one person against another person, to get to that point that you're suggesting, I wouldn't be able to do it.

"Q. [PROSECUTOR]: You couldn't do it?

"A. [VENIREMEMBER]: No, sir.

"Q. [APPELLANT]: So what you're saying, *you understand that if you were convinced beyond a reasonable doubt, your obligation would be to vote to convict someone, but what you're saying, as I understand it, is you just cannot conceive reaching proof beyond a reasonable doubt only on one witness.*

"A. [VENIREMEMBER]: *I couldn't get to that point.*" (Emphasis Supplied).

In other words, the veniremember unequivocally stated he would not even consider whether he believed the witness beyond a reasonable doubt if that was the only witness the State presented.

This case has nothing to do with a veniremember's "threshold for proof beyond a reasonable doubt" being "higher than the minimum that the law recognizes as sufficient." See *Castillo,* 913 S.W.2d at 533. What this case involves is a veniremember's categorical refusal to apply the concept of reasonable doubt to the facts of the case. But, the State is entitled to a juror who will apply the concept of reasonable doubt to the facts of the case. Therefore, I would hold *Castillo* does not control here, and a veniremember, like the one here, who indicates he will not apply the concept of reasonable doubt to the facts of the case is challengeable for cause.

In addition, this case illustrates how *Garrett* and *Castillo* were so wrongly decided in terms of substantive law and the application of the standard of review to a trial court's ruling on a challenge for cause. The applicable standard of review is highly deferential since the trial court is in the best position to make the call on whether to grant a challenge for cause.

For example, if a trial court grants a State's challenge for cause when a veniremember, like the one in *Castillo,* says he cannot convict on the basis of one eyewitness with no rehabilitation by the defense, the appellate courts should uphold the trial court's ruling because, under the applicable deferential standard of review, the trial court has not abused its discretion to understand such a veniremember to be saying he would not convict on the basis of one eyewitness even if he believed that witness beyond a reasonable doubt. See *Castillo,* 913 S.W.2d at 533. This is a reasonable inference from the veniremember's response.

This is how I would apply the standard of review in cases like this if *Castillo* and *Garrett* are going to be the law in this State.[1] Voir dire is not a mechanical process where

---

1. In addition, in this case, it was not an abuse of discretion for the trial court to have understood the veniremember to be saying he would not convict on the basis of a single eyewitness even if he believed the witness beyond a reasonable doubt, which makes the veniremember subject to a challenge for cause even under *Castillo.*

all human interaction and responses can be classified into nice and neat categories from a cold record. It is not this Court's institutional role to, in effect, micromanage trial courts' rulings on challenges for cause.

More importantly, this case demonstrates how *Garrett* and *Castillo* were wrongly decided as a matter of substantive law for reasons other than those set out in the dissenting opinions in these cases. See, e.g., *Castillo*, 913 S.W.2d at 542 (Keller, J., dissenting) (would hold the veniremember's response increased the State's burden of proof); *Garrett*, 851 S.W.2d at 861 (McCormick, P.J., dissenting) (same). For example, in *Castillo*, this Court applying *Garrett* said:

> "Like venireman Bradley in *Garrett*, a venireman who categorically refuses to render a guilty verdict on the basis of a single eyewitness may only be indicating that his threshold for proof beyond a reasonable doubt is somewhat higher than the minimum that the law recognizes as sufficient. Unless we are prepared to hold that jurors must always convict on the basis of legally sufficient evidence, we cannot say that such a venireman has a bias against the law." *Castillo*, 913 S.W.2d at 533.[2]

However, this Court is not required to hold "jurors must always convict on the basis of legally sufficient evidence," if a venireman "who categorically refuses to render a guilty verdict on the basis of a single eyewitness" is subject to a challenge for cause. *Id.*; see also *Garrett*, 851 S.W.2d at 861 (McCormick, P.J., dissenting). This Court only has to hold the veniremember should at least consider convicting under circumstances like this to make the veniremember not challengeable for cause.

When a veniremember categorically refuses to convict on the basis of one eyewitness, then he has stated he will not even consider convicting under these circumstances. See *Castillo*, 913 S.W.2d at 533. Similarly, when a veniremember categorically refuses to answer affirmatively special issue "two" at the punishment phase of a capital murder trial based on the facts of the offense alone, then he has stated he will not even consider doing so. See *id.*

However, because the law allows for conviction on the basis of one eyewitness, and the law allows for imposition of a death sentence on the basis of the facts of the offense alone, these veniremembers have demonstrated a bias or prejudice against a phase of the law upon which the State is entitled to rely. See Article 35.16(b)(3), V.A.C.C.P. That is because the State is entitled to jurors who will *at least consider* convicting on the basis of one eyewitness, or who will *at least consider* affirmatively answering special issue "two" at the punishment phase of a capital murder trial based on the facts of the offense alone.[3] This analysis has nothing to do with "holding the State to a higher [burden] than that required by law." See *Castillo*, 913 S.W.2d at 533. Moreover, the contentions here apparently went completely unaddressed in *Garrett* and *Castillo* since the basis of decision in those cases involved a veniremember's minimum threshold level of "reasonable doubt." See *Castillo*, 913 S.W.2d at 533.

I would hold the veniremember in this case was challengeable for cause, and I also would overrule *Garrett* and *Castillo*.

I respectfully dissent.

MANSFIELD, Justice, dissenting.

For the reasons stated in my dissent in *Castillo v. State*, 913 S.W.2d 529 (Tex.Crim. App.1995) (plurality), I respectfully dissent. I recognize that the result in the present

---

2. Under *Garrett*, a defendant would not be entitled to a favorable ruling on a challenge for cause to a veniremember who will not "find" an affirmative defense based on the testimony of a single witness. This is absurd. And, what about the veniremember who says he will not consider alibi or self-defense based on the testimony of a single witness? Like that pink bunny rabbit, the list goes on and on. *Garrett* represents an ill-conceived departure from well-established prece-

dent with a high potential for low mischief. See *Garrett*, 851 S.W.2d at 861 (McCormick, P.J., dissenting) & at 861–64 (Campbell, J., dissenting).

3. These veniremembers also would increase the State's burden of proof; however, this claim was rejected in *Castillo* and *Garrett*.

case relies on our holding in *Castillo*, which itself relied on our holding in *Garrett v. State*, 851 S.W.2d 853 (Tex.Crim.App.1993). I reiterate my contention from my *Castillo* dissent that *Garrett,* whose adverse effect on many of this Court's prior decisions appears to increase with the passage of time, was wrongfully decided.