TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-97-00365-CR







Pete Trevino, Jr., Appellant




v.




The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 0962615, HONORABLE JON W. WISSER, JUDGE PRESIDING







 After the jury found appellant guilty of the offense of indecency with a child by contact, Tex.
Penal Code Ann. § 21.11 (West 1994), the trial court assessed punishment, enhanced by a prior felony
conviction, at confinement for forty-two years. In a single point of error, appellant contends that the trial
court erred in sustaining the State's challenge for cause of a veniremember. We will overrule appellant's
point of error and affirm the judgment of the trial court.

 During the prosecutor's questioning of the jury panel, he asked whether they could convict
a defendant in an indecency with a child case if the only witness was the victim and they believed her
beyond a reasonable doubt. Veniremember Fagan responded by asking, "Well, how old is the child? 
Does it matter?" Fagan then stated, "I don't know" and "I can't decide on that." After the prosecutor and
defense counsel finished addressing the venire, the trial court called Fagan to the bench where the following
relevant colloquy ensued:


MR. MANGE [prosecutor]: If a child -- if the State of Texas brought a case of indecency
with a child by contact and only brought one witness, namely the victim, and she takes the
stand and she testified so believable, so convincingly that you are convinced beyond a
reasonable doubt that that child is telling the truth, that she not only believes it, but that she
is, in fact, the person she points the finger at you would -- the person who sexually
molested her. Can you convict based on the evidence that one witness who you
believe beyond a reasonable doubt?


MR. FAGAN [veniremember]: That's the only evidence?


MR. MANGE: That's the only evidence and the defendant invokes his right to remain
silent. You cannot hold that against him. Can you --


MR. FAGAN: The only problem I have is I feel she could possibly believe that it
happened and -- 


* * * * *



MR. MANGE: -- ask you to assume something. Ask you to assume something was a
hard leap, but a leap that everybody can make. You're not just assuming that, you are
assuming that she is, in fact, correct, that you believe beyond a reasonable doubt
that she has got the finger pointed at the right guy, can you convict?


MR. FAGAN: Probably. I don't know if I could say yes or no because --


MR. SAWYER [defense counsel]: Let me just ask you this way: If a guy holds up a
woman in the parking lot, all right. She is the only person that testifies, not another soul
around. You're in the jury box and you are who you are and you say, you know what? 
I believe her. I believe she knows what she is talking about. I believe she has identified
the right guy. I believe there was sufficient lighting. I just flat believe her. And it's good
enough for me according to everything I think and feel. You wouldn't have a problem with
convicting in a case, would you?


MR. FAGAN: Just if she points to the guy and says that's him?


MR. SAWYER: But you believe her. You sit there and you raise every question you can.


MR. FAGAN: But she is an adult.


MR. SAWYER: She is 14 instead of an adult.


MR. FAGAN: I would have a hard time with a fourteen-year-old pointing --


MR. SAWYER: And I realize that. That's a hard case. But I'm saying if you believed
her, if after everything you used --


MR. FAGAN: I'm saying just because I believed her doesn't necessarily mean it
happened, no, because I wasn't there when it happened.


MR. SAWYER: But you believed beyond a reasonable doubt, that was the law,
could you convict or would you require more?


MR. FAGAN: I would require more. But it's hard to say because they couldn't offer
more because there's no witnesses.


MR. SAWYER: All the evidence there was, could you convict?


MR. FAGAN: Probably not. I mean, once again, probably not. Okay.



(Emphasis added)

 Appellant contends the trial court erred in sustaining the State's challenge for cause because
veniremember Fagan's answers reflected that in his mind, the evidence could not meet the standard of
proof beyond a reasonable doubt in a one witness case.

 We find appellant's reliance on Zinger v. State, 932 S.W.2d 511 (Tex. Crim. App.
1996), to be misplaced. The Zinger court was careful to point out that the veniremember did not say he
would hold the State to a burden higher than proof beyond a reasonable doubt; rather, he "stated that in
his mind, the evidence could not meet the standard of proof beyond a reasonable doubt in a case with one
witness. Id. 514. Castillo v. State, 913 S.W.2d 529, 533 (Tex. Crim. App. 1995), furnishes an excellent
analysis for determining whether a veniremember is subject to challenge for cause in a similar one witness
scenario:


Unless reasonable doubt is a fixed point--unless, in other words, the law requires a jury
to convict whenever presented with legally sufficient evidence--a venireman who will not
be convinced beyond a reasonable doubt on the testimony of a single eyewitness is
nevertheless a venireman who can follow the law. If the State does not want that
venireman on the jury, it is obliged to use one of its statutorily allotted peremptory
challenges to remove him. 


 This is not to say that a venireman who maintains he would never convict on the
basis of one eyewitness is never properly the subject of a State's challenge for cause. It
depends upon the reason he says he would never convict. A venireman who says, for
instance, that he could not convict even if he believed the State's only eyewitness,
and that testimony convinced him beyond a reasonable doubt of the defendant's
guilt, can be challenged for cause . . . . Such a venireman really does hold the State to
a higher burden of proof than the law allows. He has an agenda of his own for conviction,
but one which bears no relation to the law. 



(Citations omitted) (emphasis added).

 The veniremember in the instant cause would require a higher burden of proof than
testimony which convinced him beyond a reasonable doubt, a burden higher than the law provides. See
Coleman v. State, 881 S.W.2d 344, 359-360 (Tex. Crim. App. 1994). We hold that the trial court did
not err in sustaining the State's challenge for cause to the veniremember Fagan. Appellant's point of error
is overruled.

 The judgment is affirmed.




 

 Tom G. Davis, Justice

Before Justices Powers, Kidd and Davis*

Affirmed

Filed: August 13, 1998

Do Not Publish



















* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See Tex.
Gov't Code Ann. § 74.003(b) (West 1988).



MR. FAGAN: I would have a hard time with a fourteen-year-old pointing --


MR. SAWYER: And I realize that. That's a hard case. But I'm saying if you believed
her, if after everything you used --


MR. FAGAN: I'm saying just because I believed her doesn't necessarily mean it
happened, no, because I wasn't there when it happened.


MR. SAWYER: But you believed beyond a reasonable doubt, that was the law,
could you convict or would you require more?


MR. FAGAN: I would require more. But it's hard to say because they couldn't offer
more because there's no witnesses.


MR. SAWYER: All the evidence there was, could you convict?


MR. FAGAN: Probably not. I mean, once again, probably not. Okay.



(Emphasis added)

 Appellant contends the trial court erred in sustaining the State's challenge for cause because
veniremember Fagan's answers reflected that in his mind, the evidence could not meet the standard of
proof beyond a reasonable doubt in a one witness case.

 We find appellant's reliance on Zinger v. State, 932 S.W.2d 511 (Tex. Crim. App.
1996), to be misplaced. The Zinger court was careful to point out that the veniremember did not say he
would hold the State to a burden higher than proof beyond a reasonable doubt; rather, he "stated that in
his mind, the evidence could not meet the standard of proof beyond a reasonable doubt in a case with one
witness. Id. 514. Castillo v. State, 913 S.W.2d 529, 533 (Tex. Crim. App. 1995), furnishes an excellent
analysis for determining whether a veniremember is subject to challenge for cause in a similar one witness
scenario:


Unless reasonable doubt is a fixed point--unless, in other words, the law requires a jury
to convict whenever presented with legally sufficient evidence--a venireman who will not
be convinced beyond a reasonable doubt on the testimony of a single eyewitness is
nevertheless a venireman who can follow the law. If the State does not want that
venireman on the jury, it is obliged to use one of its statutorily allotted peremptory
challenges to remove him. 


 This is not to say that a venireman who maintains he would never convict on the
basis of one eyewitness is never properly the subject of a State's challenge for cause. It
depends upon the reason he says he would never convict. A venireman who says, for
instance, that he could not convict even if he believed the State's only eyewitness,
and that testimony convinced him beyond a reasonable doubt of the defendant's
guilt, can be challenged for cause . . . . Such a venireman really does hold the State to
a higher burden of proof than the law allows. He has an agenda of his own for conviction,
but one which bears no relation to the law. 



(Citations omitted) (emphasis added).

 The veniremember in the instant cause would require a higher burden of proof than
testimony which convinced him beyond a reasonable doubt, a burden higher than the law provides. See
Coleman v. State, 881 S.W.2d 344, 359-360 (Tex. Crim. App. 1994). We hold that the trial court did
not err in sustaining the State's challenge for cause to the veniremember Fagan. Appellant's point of error
is overruled.

 The judgment is affirmed.




 

 Tom G. Davis, Justice

Before Justices Powers, Kidd and Davis*

Affirmed

Filed: August 13, 1998

Do Not Publish



















* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See Tex.
Gov't Code Ann. § 74.003(b) (West