TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00185-CV






Kirk Wayne McBride, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT


NO. C2001-823A, HONORABLE CHARLES RAMSAY, JUDGE PRESIDING







Kirk Wayne McBride appeals from the district court's order dismissing his petition
for audita querela relief. By this petition, McBride sought to collaterally attack his conviction for
aggravated sexual assault in Comal County cause number CR95-129, for which he is now serving
a ninety-nine-year prison sentence, on the ground that the prosecution was barred by the statute of
limitations. The district court dismissed the action pursuant to civil practice and remedies code
sections 14.003, 14.005, and 14.006(f). Tex. Civ. Prac. & Rem. Code Ann. §§ 14.003, .005,
.006(f) (West 2003). We will affirm the dismissal order, although not on the grounds stated by the
district court.

Audita querela is, or was, a "writ available to a judgment debtor who seeks a
rehearing of a matter on grounds of newly discovered evidence or newly existing defenses." Black's
Law Dictionary 126 (7th ed. 1999). The writ has been abolished in federal civil cases. Fed. R. Civ.
P. 60(b). Courts have expressed doubts whether it survives as a post-conviction remedy in federal
criminal cases. United States v. Banda, 1 F.3d 354, 356 (5th Cir. 1993); United States v. Reyes, 945
F.2d 862, 865 (5th Cir. 1991). The only previous reported Texas case in which the writ was
employed was, like the instant cause, a collateral attack on a criminal conviction. State v. Vasquez,
889 S.W.2d 588 (Tex. App.--Houston [14th Dist.] 1994, no pet.). The court of appeals concluded
that the petitioner was not entitled to relief without deciding whether such use of the writ was proper. 
Id. at 590-91.

The legislature has prescribed the writ of habeas corpus as the remedy to be used
when any person is restrained in his liberty. Tex. Code Crim. Proc. Ann. art. 11.01(West 1977). The
procedure outlined in code of criminal procedure article 11.07 is the exclusive felony post-conviction
remedy in the courts of this state. Ex parte Adams, 768 S.W.2d 281, 287 (Tex. Crim. App. 1989);
Ex parte Brown, 662 S.W.2d 3, 4 (Tex. Crim. App. 1983); see Tex. Code Crim. Proc. Ann. art. 11.07
(West Supp. 2003) (post-conviction habeas corpus procedure in noncapital cases). (1) Under article
11.07, the court of criminal appeals alone among the courts of Texas has authority to release from
confinement persons who have been finally convicted of noncapital felonies. Hoang v. State, 872
S.W.2d 694, 697 (Tex. Crim. App. 1993). 

McBride sought to have his judgment of conviction for aggravated sexual assault set
aside and a new trial ordered. Under the authorities cited above, the exclusive procedure for
effecting this remedy is a post-conviction habeas corpus proceeding under article 11.07. For this
reason, the district court properly dismissed McBride's audita querela petition. (2) We need not address
McBride's points of error challenging the district court's application of the civil practice and
remedies code, as to which we express no opinion.

The order of dismissal is affirmed.



 __________________________________________

 Mack Kidd, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed: December 5, 2002

Publish

1. Adams and Brown were decided before the adoption of a separate post-conviction habeas
corpus procedure for capital cases. See Tex. Code Crim. Proc. Ann. art. 11.071 (West Supp. 2003).
2. McBride's petition did not state a basis for audita querela relief in any case. Such relief is
available only if the petition raises a new defense based in law. State v. Vasquez, 889 S.W.2d 588,
591 (Tex. App.--Houston [14th Dist.] 1994, no pet.). McBride's limitations claim was raised at trial
and rejected by the jury, and that determination was affirmed on appeal. McBride v. State, No. 03-95-00596-CR, 1997 Tex. App. LEXIS 1284 (Tex. App.--Austin Apr. 24, 1997, pet. ref'd) (not
designated for publication). Contrary to McBride's assertion, this Court's opinion in Zinger v. State,
899 S.W.2d 423, 433 (Tex. App.--Austin 1995), rev'd on other grounds, 932 S.W.2d 511 (Tex.
Crim. App. 1996), does not give rise to a new defense not previously available to him.