Affirmed and Memorandum Opinion filed November 7, 2006








Affirmed and Memorandum Opinion filed November 7, 2006.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00831-CR

____________

 

JOSEPH EARL BIAS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 400th
District Court 

Fort Bend County, Texas

Trial Court Cause No. 38,135A

 



 

 M E M O R A N D U M  O P I N I O N

Challenging his conviction for aggravated assault,
appellant Joseph Earl Bias asserts that the trial court erred in granting the
State=s challenges for
cause of two venirepersons and that the evidence is factually insufficient to
support his conviction.  We affirm. 

I.  Factual and Procedural
Background








On May 1, 2003, Officer Thomas Thompson of the Stafford
Police Department was dispatched to the Main Street Shoes store in Stafford,
Fort Bend County, in response to a report of an aggravated robbery.  When he
arrived, he met with the complainant, Jean-Pasquel Pacquette, an employee of
the store.  Officer Thompson noticed some bullet damage and empty shell casings
in the store and also observed that the complainant, although unhurt, had what
appeared to be bullet holes in his shirt.  The perpetrators were no longer at
the location. 

Officer Thompson questioned Pacquette and learned that an
individual, later identified as appellant, had come into the store with two
other men to have his tennis shoes dyed.  Pacquette stated that appellant
pulled out a gun, discharged it a few times, and then fled with his companions
in a green Toyota Tercell automobile.  Officer Thompson also questioned Claudio
Estrada, an employee at Stafford Cleaners, located next door to Main Street
Shoes. Estrada gave Officer Thompson a description of the fleeing vehicle and
its license plate number.  With this information in hand, Officer Thompson was
able to determine that the owner of the vehicle was Lasonya Wafer, a girlfriend
and roommate of appellant=s sister, Charletta Johnson. 

Officer Thompson contacted Wafer to inquire about the
vehicle=s whereabouts on
the date of the offense.  Wafer stated that appellant had borrowed her vehicle
to go to the mall that day and kept it longer than expected.  When appellant
did not return the vehicle on time, she called him and he brought it back later
that day.  Wafer stated that appellant told her that if the police pulled the
vehicle over to say that she had Aborrowed it to
someone else.@  Wafer further stated that appellant told her that he
had taken some shoes to be dyed and that the Aboy@ pulled a gun on
him, and he had to shoot the Aboy@ before the Aboy@ shot him.   

Officer Thompson compiled a photo spread from which
Pacquette positively identified appellant as the assailant. Appellant was
arrested and charged with the offense of aggravated assault with a deadly
weapon.  The jury found appellant guilty as charged, and assessed punishment at
twenty years= confinement in the Texas Department of Criminal
Justice, Institutional Division. 








II.  Issues
and analysis

A.      Is the
evidence factually sufficient to support appellant=s conviction for
aggravated assault? 

We first address appellant=s third issue in
which he asserts that the evidence is factually insufficient.  When evaluating
a challenge to the factual sufficiency of the evidence, we view all the
evidence in a neutral light and inquire whether we are able to say, with some
objective basis in the record, that a conviction is Aclearly wrong@ or Amanifestly unjust@ because the great
weight and preponderance of the evidence contradicts the jury=s verdict.  Watson
v. State, CS.W.3dC,C, No. PD-469-05,
2006 WL 2956272, at *8B10 (Tex. Crim. App. Oct. 18, 2006).  It is
not enough that this court harbor a subjective level of reasonable doubt to
overturn a conviction that is founded on legally sufficient evidence, and this
court cannot declare that a conflict in the evidence justifies a new trial
simply because it disagrees with the jury=s resolution of
that conflict.  Watson, CS.W.3d at C, 2006 WL 2956272,
at *10.  If this court determines that the evidence is factually insufficient,
it must explain in exactly what way it perceives the conflicting evidence
greatly to preponderate against conviction.  Watson, CS.W.3d at C, 2006 WL 2956272,
at *8B10.  Our
evaluation should not intrude upon the fact finder=s role as the sole
judge of the weight and credibility given to any witness=s testimony.  See
id; Fuentes v. State, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999). 
In conducting a factual-sufficiency review, we must discuss the evidence
appellant claims is most important in allegedly undermining the jury=s verdict.  Sims
v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).








In contending that the evidence is factually insufficient
to support his conviction, appellant relies on Ward v. State, 48 S.W.3d
383 (Tex. App.CWaco 2001, pet. ref=d).  Appellant
emphasizes that Pacquette (the complainant) was shaken and upset when
questioned by Officer Thompson, and admitted on cross-examination that he
described the Asuspect@ as being
5'5" to 5'6" in height and that appellant was significantly taller. 
The facts in Ward are distinguishable.  In Ward, the defendant
accused of robbery produced testimony from fellow co-workers, who stated that
the defendant was at work on the day of the offense.  Id. at 390B91.  This
testimony was further corroborated by the defendant=s time cards.  Id. 
Thus, the Ward court correctly concluded that the time-line for the
defendant to have committed the robbery required almost split-second timing,
and reversed the defendant=s conviction for factual insufficiency.  Id. 
Unlike the accused in Ward, appellant brought forth no controverting
testimony regarding his whereabouts at the time of the crime. 

The jury is free to consider any inconsistencies or discrepancies
regarding appellant=s height.  See Watson, CS.W.3d at C, 2006 WL 2956272,
at *8B10.  As the sole judge
of the credibility of the witnesses and the weight to be given their testimony,
the jury was free to accept or reject all or any part of the testimony of any
witness.  See id; Fuentes, 991 S.W.2d at 271.  Thus, though
appellant claims Charletta Johnson=s testimony was Aextremely
unreliable@ and that another individual (Charles Sexton) could
have been the perpetrator, these issues were for the jury to decide. 
Contradictions or conflicts between the witnesses= testimony do not
destroy the sufficiency of the evidence; rather, they relate to the weight of
the evidence and the credibility the jury assigns to the witnesses.  See
Weisinger v. State, 775 S.W.2d 424, 429 (Tex. App.CHouston [14th
Dist.] 1989, pet. ref=d).  The jury exclusively resolves
conflicting testimony in the record.  Heiselbetz v. State, 906 S.W.2d
500, 504 (Tex. Crim. App. 1995).  A reviewing court may not substitute its
conclusions for that of the jury, nor may it interfere with the jury=s resolution of
conflicts in the evidence.  See Watson, CS.W.3d at C, 2006 WL 2956272,
at *8B10. 








The evidence in the record of appellant=s guilt is
overwhelming.  Pacquette testified that, on the morning of May 1, 2003, he was
working at the shoe store when appellant and two other individuals entered the
store around 11:00 a.m. to Alook around.@  Appellant and
his companions left the store without purchasing anything.  Later that morning,
Pacquette saw the green Toyota Tercel automobile they had driven parked further
up the strip mall.  Around 2:00 p.m., appellant returned and engaged in a
discussion with Pacquette about having his shoes dyed while appellant=s companions
remained outside in the vehicle.  Appellant then went back outside for about
thirty to forty-five minutes.  During this time, Pacquette became suspicious
and put a revolver in the waistband of his pants.  Appellant then reentered the
store with his companions and gave Pacquette approximately forty dollars as a
deposit for the shoes.  Pacquette, who was on the phone with a friend, turned
around and saw appellant holding a small semi-automatic pistol.  Pacquette took
the phone and threw it at appellant and ran out the back of the store. 
Appellant left the store, firing off shots from his own weapon as he fled. 
Appellant and his companions got back into the green Toyota Tercell and fled
the scene.  Pacquette positively identified appellant both in a photo spread
and again at the courthouse during trial.  

Pacquette had several opportunities to observe appellant=s face during the
incident.  Lasonya Wafer, Charletta Johnson (appellant=s sister), and
Claudio Estrada, an employee at a dry cleaners next door, all corroborated
Pacquette=s testimony regarding the vehicle driven by appellant
on the day of the offense.  

We are not able to say, with some objective basis in the
record, that appellant=s conviction is Aclearly wrong@ or Amanifestly unjust@ because the great
weight and preponderance of the evidence contradicts the jury=s verdict.  See
id. Accordingly, the evidence is factually sufficient to support appellant=s conviction.  We
overrule his third issue. 

B.      Did the
trial court err in striking for cause venirepersons Patricia Pratt and Hamid
Mollaei Merhja? 

 

In his first two
issues, appellant contends the trial court erred in granting the State=s request to
strike venirepersons Patricia Pratt and Hamid Mollaei Merhja.  Appellant
contends that these individuals stated during voir dire that they could not be
convinced beyond a reasonable doubt of someone=s guilt if there
were only one witness.  Appellant relies on Zinger v. State, in which
the Court of Criminal Appeals held that a venireperson who stated that the
testimony of one witness could never convince him of guilt beyond a reasonable
doubt was not subject to a challenge for cause.  932 S.W.2d 511 (Tex. Crim.
App. 1996). 








Even if the trial
court erred in granting the challenges for cause as asserted in appellant=s first two
issues, this error did not deprive appellant of a lawfully constituted jury.  See
Jones v. State, 982. S.W.2d 386, 394 (Tex. Crim. App. 1998).  In Jones,
the Court of Criminal Appeals held that if a veniremember is erroneously
excused for cause it will not necessarily result in a reversal of the
conviction.  See Jones, 982 S.W.2d at 394.  A defendant has no right to
have any particular person on the jury, but only to have the jurors who serve
be qualified.  Id.  For the trial court=s error in
granting a challenge for cause to be harmful, the erroneous ruling must have
deprived appellant of a lawfully constituted jury, that is, a jury composed of
qualified persons.  Murphy v. State, 112 S.W.3d 592, 598 (Tex. Crim.
App. 2003); Jones, 982 S.W.2d at 394.  The record does not show that the
granting of challenges for cause as to venirepersons Patricia Pratt and Hamid
Mollaei Merhja deprived appellant of a lawfully constituted jury.  There is no
indication that the jurors who actually served at appellant=s trial were
biased, interested, or otherwise disqualified from serving on the jury.  See
Feldman v. State, 71 S.W.3d 738, 749 (Tex. Crim. App. 2002).  Therefore, we
overrule appellant=s first two issues. 

Having overruled
all of appellant=s issues on appeal, we affirm the trial
court=s judgment. 

 

 

/s/      Kem Thompson Frost

Justice

 

Judgment rendered
and Memorandum Opinion filed November 7, 2006.

Panel consists of
Justices Fowler, Edelman, and Frost.

Do Not Publish C Tex. R. App. P. 47.2(b).