**Opinion issued February 28, 2019**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-00028-CR

———————————

## JUSTIN DOUGLAS HOLT, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

### On Appeal from the 405th District Court
### Galveston County, Texas
### Trial Court Case No. 16-CR-0643

---

## MEMORANDUM OPINION

Appellant Justin Douglas Holt was convicted of the felony offense of aggravated sexual assault of a child and the jury assessed his punishment at forty years' incarceration. On appeal, Holt argues that the trial court abused its discretion by allowing the State to strike a juror for cause based on an improper commitment

question that did not give rise to a valid challenge for cause. Having found no reversible error, we affirm the trial court's judgment.

**Background**

Holt was arrested and charged with sexually assaulting Amy, his children's thirteen-year old babysitter, as she slept on his living room couch one evening. Amy, who lived across the street from Holt, told her mother almost immediately that Holt had raped her. The Sexual Assault Nurse Examiner who examined Amy the day of the assault testified at trial as the outcry witness, and the underwear that Amy was wearing when the assault occurred, which contained DNA evidence linking Holt to the crime, was admitted into evidence at trial. Holt denied assaulting Amy and Holt's fiancée testified that she was in the home when the assault allegedly occurred, and that the underwear could have been hers.

**Voir Dire**

After asking prospective jurors whether they could evaluate a child witness's credibility, the State then asked the prospective jurors if they could find a defendant guilty based solely upon the testimony of a child victim.

Turning to one prospective juror, the State asked:

> [State]: Juror No. 28, do you think that you could hear the testimony of a child and make that determination, "I believe the child is telling the truth," and as long as their testimony addresses all the legal requirements, you can convict somebody of a crime like this based on that child's testimony?

2

PROSPECTIVE JUROR: Well, with the evidence, probably I would put it all together.

[State]: Okay. And you can certainly consider all the evidence; but I think what I'm asking you to do, basically, is consider the possibility that the evidence might be the child.

PROSPECTIVE JUROR: Yes, I can.

The State then asked whether any of the prospective jurors would require some other type of evidence—in addition to the testimony of the child victim—in order to find a defendant guilty.

[State]: Okay. Is there anyone that feels like they could not make that determination unless they had some other evidence, like, something—you know, like scientific evidence or something like that? Is there anyone that's going to require some sort of additional evidence?

. . .

[State]: And let me say it like this: I'm giving you the hypothetical that the child has testified and you believe the child beyond a reasonable doubt. Okay? You do believe them, but you are now being asked to convict or make your determination as to guilt based solely on that one witness' testimony.

Now, you do believe them.

Some people might say, "Well, even though I believe them, I still require more. Even though the law doesn't require it, I personally do. I need some sort of DNA. I need some sort of medical evidence. I need some sort of expert. I need something in addition to just a child, who I believe; but I need more than that."

Is there anybody that feels that way? Juror No. 12. Okay, thank you.

3

PROSPECTIVE JUROR: You're asking to go out on a big limb based on child's testimony to put a man in prison.

[State]: Yes, sir.

. . . .

PROSPECTIVE JUROR: So that would be very difficult for me to do on a—simply on a child's testimony, even though I believe them.

[State]: I tell you what, there's nobody in this world that would disagree with you that it would be very difficult; but the law says that the standard of proof is beyond a reasonable doubt, and there's no specific evidence that has to be presented. It's what convinces you. So we're looking at the situation of you are convinced, but it's because of what this child says and you may get more and you may not. All right?

The law says that that's enough. If it convinces you, it convinces you. It would be difficult if that's all you had, but would you require more?

PROSPECTIVE JUROR: I don't know the specifics of the case; but, yeah, I probably would.

[State]: Okay, that's fine. You feel like you would have to have some sort of corroborating evidence beyond –

PROSPECTIVE JUROR: Exactly.

[State]: Okay. Thank you, sir. I saw a couple of heads nodding. Who else? Juror No. 20?

PROSPECTIVE JUROR: Yeah.

Turning to Juror No. 8, the State asked: "Juror No. 8, talk to me about this." Juror

No. 8 responded:

4

Yeah, I agree with his idea. Just, say, if we know the child is clearly—because just hearing what he's saying, I'm not sure that—although, I—we still need some kind of other things to compare with that, not only that, in order to put somebody in prison.

During a bench conference, Holt's counsel objected that the State was questioning the venire about what he described as an inapplicable legal principle referred to as the one-witness rule. He argued that the rule was inapplicable because "This isn't a one-witness case. They have DNA. They have biological evidence. They have an outcry witness." The court overruled the objection. When the bench conference ended, the trial court instructed the jury:

> [J]ust so everyone is back on the same page, what [the State] is addressing and what he is asking about is if you hear from a single witness and you believe that witness beyond a reasonable doubt, and through that witness, each and every element of the offense is proven—and, again, you believe everything beyond a reasonable doubt, you believe every element has been proven beyond a reasonable doubt from this witness—do you require more?

The State then asked whether any of the prospective jurors needed "some sort of medical testimony, some sort of DNA, some sort of physical object [they] can see or touch" before they could convict someone for sexual assault of a child. Turning to Juror No. 8, the State asked:

> [State]: Juror 8, even if the child testifies and you believe everything they—you believe their testimony beyond a reasonable doubt, you would still need some sort of scientific or medical?

5

[Juror No. 8]: Yes. It's hard to hide that evidence in today's technology. I believe one way or the other, they should have evidence.

After the voir dire examination was over, Juror No. 8 was brought up before the trial judge for additional questioning by the State:

[State]: Mr. Le, going back to one of your answers, I believe you had said that you would require some sort of medical evidence or some sort of scientific evidence? Even if you believe beyond a reasonable doubt the child's testimony, you would still require some sort of objective evidence in addition to that?

[Juror No. 8]: So emotionally, I believe that; but in order to excuse somebody for that kind of thing, I think evidence, especially nowadays, is not that very difficult to find evidence. I mean, like, there should be clues. I mean, physical clues.

[State]: And you're saying you cannot convict somebody unless you have some sort of physical evidence?

[Juror No. 8]: Yeah.

[State]: Okay. No further questions.

## Discussion

In his sole issue, Holt argues that the trial court abused its discretion by granting the State's motion to strike Juror No. 8 because the State's motion was based on an improper commitment question that did not give rise to a valid challenge for cause. Holt argues that, at most, the State's voir dire only established that Juror No. 8 might have a personal reasonable doubt standard higher than the State would have liked, which is not subject to a valid challenge for cause.

6

## A. Standard of Review and Applicable Law

"A commitment question during voir dire is one that commits a prospective juror to resolve, or refrain from resolving, an issue a certain way after learning a particular fact." *Hernandez v. State*, 390 S.W.3d 310, 315 (Tex. Crim. App. 2012) (citing *Standefer v. State*, 59 S.W.3d 177, 179 (Tex. Crim. App. 2001)). For a commitment question to be proper, it must meet two criteria: (1) "one of the possible answers to that question must give rise to a valid challenge for cause," and (2) it "must contain *only* those facts necessary to test whether a prospective juror is challengeable for cause." *Standefer*, 59 S.W.3d at 182 (emphasis in original).

"A challenge for cause is an objection made to a particular juror, alleging some fact which renders the juror incapable or unfit to serve on the jury." TEX. CODE CRIM. PROC. art. 35.16(a). The State may challenge a prospective juror for cause if the prospective juror demonstrates a bias or prejudice against any of the law applicable to the case on which the State is entitled to rely for conviction. *See id.* art. 35.16(b)(3). "The test is whether the bias or prejudice would substantially impair the prospective juror's ability to carry out his oath and instructions in accordance with law." *Feldman v. State*, 71 S.W.3d 738, 744 (Tex. Crim. App. 2002). Before a prospective juror can be excused for cause on this basis, the law must be explained to him and he must be asked whether he can follow that law regardless of his personal views. *Id.* (citing *Jones v. State*, 982 S.W.2d 386, 390 (Tex. Crim. App.

1998)). The proponent of a challenge for cause has the burden to show that the challenge is proper. *Feldman*, 71 S.W.3d at 747. The proponent does not meet that burden until the record shows that the prospective juror "understood the requirement of the law and could not overcome his prejudice well enough to follow it." *Id.*

We review a trial court's granting of a challenge for cause with "considerable deference" because the trial court is in the best position to evaluate a prospective juror's demeanor and responses. *See Hernandez*, 390 S.W.3d at 317; *Gardner v. State*, 306 S.W.3d 274, 295–96 (Tex. Crim. App. 2009). The court's ruling will be reversed only if the totality of the voir dire examination demonstrates a clear abuse of discretion. *See Hernandez*, 390 S.W.3d at 318–19; *Gardner*, 306 S.W.3d at 295–96; *see also King v. State*, 29 S.W.3d 556, 568 (Tex. Crim. App. 2000) (considering "totality of the voir dire testimony" when reviewing trial court's decision on challenge to juror for cause).

Jurors cannot be validly challenged for cause simply because they indicate that they would need more than the testimony of one witness to convince them of guilt beyond a reasonable doubt. *See Lee v. State*, 206 S.W.3d 620, 623 (Tex. Crim. App. 2006) (citing *Castillo v. State*, 913 S.W.2d 529, 533–34 (Tex. Crim. App. 1995)); *see also Tran v. State*, 221 S.W.3d 79, 86 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) (citing *Zinger v. State*, 932 S.W.2d 511, 514 (Tex. Crim. App. 1996)). However, a juror who could not convict based on the testimony of one

witness, "*whom they believed beyond a reasonable doubt, and whose testimony proved every element of the indictment beyond a reasonable doubt*," can be validly challenged for cause. *Lee*, 206 S.W.3d at 623 (emphasis added).

Here, the State asked a series of questions to the venire and to its individual members, including Juror No. 8, regarding each prospective juror's ability to convict someone of a crime, such as aggravated sexual assault of a child, based exclusively on a child's testimony. Although the prosecutor did not reiterate each of these points every time he questioned Juror No. 8, the voir dire transcript demonstrates that the State was asking about a hypothetical scenario in which the prospective juror had been convinced of the defendant's guilt beyond a reasonable doubt based solely on the testimony of one witness whose testimony established every element of the offense. *See id.* at 624 (holding that courts do not view individual questions in isolation but review entire venire discussion to determine whether jury was adequately instructed on one-witness rule). Based on this scenario, the question posed to the venire was, despite having been convinced of the defendant's guilt beyond a reasonable doubt, would you still require additional corroborating evidence before you could convict, i.e., something more than proof beyond a reasonable doubt. *See id.* at 623 (stating juror can be validly challenged for cause if juror indicates he could not convict based on testimony of one witness, even if he believed witness' testimony beyond reasonable doubt, and witness' testimony proved every

element of indictment beyond reasonable doubt). The trial court described this same scenario to the venire after the bench conference, but before Juror No. 8 was questioned independently.

Considering the totality of the voir dire testimony, we determine that the trial court did not err in concluding that the State's commitment question was proper because it sought to determine if there were jurors who would hold the State to a higher burden of proof by requiring more than one witness, even though the juror believed the testimony of the sole witness proved each element beyond a reasonable doubt. *See Lee*, 206 S.W.3d at 623. Similarly, because such prospective jurors are subject to a valid challenge for cause, we cannot say that the trial court abused its considerable discretion by granting the State's motion to strike Juror No. 8. *See Hernandez*, 390 S.W.3d at 321. We overrule Holt's issue.

## Conclusion

We affirm the trial court's judgment.

Russell Lloyd
Justice

Panel consists of Justices Lloyd, Kelly, and Hightower.

Do Not Publish.   Tex. R. App. P. 47.2(b).

10