NO. 07-11-0291-CR
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL B
 
 FEBRUARY 6, 2012
 _________________________
 
 MARCUS W. HILL, 
 
 Appellant 
 v.
 
 THE STATE OF TEXAS, 
 
 Appellee
 _________________________
 
 FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;
 
 NO. 2009-424,756; HONORABLE JOHN J. MCCLENDON, III, PRESIDING
 _________________________
 
 Memorandum Opinion
 _________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
 Marcus W. Hill was convicted of aggravated assault with a deadly weapon. He seeks reversal of that conviction because, according to him, the trial court improperly granted a challenge for cause made by the State. We affirm the judgment. 
 Appellant was charged with "caus[ing] bodily injury to Adam Olivarez by striking [him] with a flashlight." Under the Penal Code, bodily injury means "physical pain, illness, or any impairment of physical condition." Tex. Penal Code Ann. §1.07(a)(8) (West Supp. 2011). In discussing that definition with the jury, the State asked whether anyone believed that pain alone was insufficient to prove bodily injury but rather some kind of visible injury would also be needed. The juror in question, Ms. Oboyle, stated that she believed that pain was relative, and when specifically asked if she had a problem with "pain," "a slap," or "a punch" being assault, she stated, "[m]aybe a little bit because I'm not sure if there was because you can't - - if there is no evidence." Later, during questioning from the defense, she stated that she agreed with another juror that she would expect to see injuries, gashes, blood, and "stuff like that" and that without such evidence, she "would have a hard time knowing how hard he hit him . . . ." 
 Following that exchange, she indicated to the court that she had a problem with proof as to what another person felt. Her remarks during further questioning are as follows:
[The State]: . . . I'm just saying if, in the absence of pictures or testimony about bumps, bruises, blood, cuts, things like that, is that the only way - - is there other means by which you could believe that pain was felt without those things?

Ms. Oboyle: Without hearing the testimony, that's hard to answer. But just someone saying they had pain - - 

 [The State]: Uh-huh.

 Ms. Oboyle: - - to me, it's not enough. 

 [The State]: So you would need something else besides testimony?

 Ms. Oboyle: I mean, I have heard a lot of people who say they had pain - - 

 [The State]: Right. 

 Ms. Oboyle: - - and that, to me, hasn't been the case that I have dealt with. 

 [The State]: Uh-huh.

 Ms. Oboyle: So - - 

[The State]: So you would need something other than that person's testimony?

 Ms. Oboyle: Yes. And more than one. 
Upon questioning by defense counsel, she agreed that she could hear the evidence and if it proved "that there had been pain and the State met its burden" she would "have no problem with voting what [she felt] the evidence [was]." Thereafter, the State challenged Oboyle for cause, which challenge the trial court sustained.
 We review the trial court's decision under the standard of abused discretion. Newbury v. State, 135 S.W.3d 22, 32 (Tex. Crim. App. 2004). Implicit in that standard is some measure of deference. For instance, we must defer to the trial court's decision in situations where the record shows vascillation in the venireperson's ability to follow the law. Gardner v. State, 306 S.W.3d 274, 295 (Tex. Crim. App. 2009); Moore v. State, 999 S.W.2d 385, 400 (Tex. Crim. App. 1999). Moreover, a veniremember may be struck for cause due to an inability to follow the law. Castillo v. State, 913 S.W.2d 529, 533 n.1 (Tex. 1995). Both circumstances appear before us.
 First, nothing in the statutory definition of "bodily injury" mentions that the physical pain alluded to must manifest itself visually on the victim's body. And, it is conceivable that physical pain may arise without some concomitant visual bodily trauma. Yet, the trial court reasonably could have interpreted Oboyle's comments as requiring that which the penal statute did not encompass, i.e., physical trauma to the body. And, to the extent that she would require evidence of physical injury as proof of pain, we cannot say that the trial court abused its discretion in sustaining the challenge for cause; simply put, she could not follow the law.
 So too can we interpret the scenario playing out before the trial court as indicative of vascillation. For instance, she eventually suggests that she could convict on proof of pain while previously suggesting that she would obligate the State to tender evidence of trauma to the body. Given this appearance of vascillation, we are obligated to defer to the trial court's resolution of the dispute. 
 Accordingly, the issue is overruled, and the judgment is affirmed. 

 Brian Quinn 
 Chief Justice
Do not publish.