**Affirmed and Memorandum Opinion filed May 22, 2014.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-13-00335-CR

---

**DONAVAN A. RANKINS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 185th District Court
Harris County, Texas
Trial Court Cause No. 1380135**

---

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Donavan A. Rankins of aggravated sexual assault and sentenced him to confinement for thirty years. In his sole issue on appeal, he claims the evidence is legally insufficient to support his conviction. Specifically, appellant argues the jury had no rational basis to believe the complainant's account over his version of events.

## STANDARD OF REVIEW

When reviewing the sufficiency of the evidence, we consider all of the evidence in the light most favorable to the verdict to determine whether, based on that evidence and the reasonable inferences therefrom, a jury was rationally justified in finding guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). The State is not required to exclude every conceivable alternative to a defendant's guilt. *Turro v. State*, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993). "[T]he evidence is not rendered insufficient simply because appellant presented a different version of the events." *Id.*

The trier of fact is the sole judge of the weight and credibility of the evidence. *Margraves v. State*, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000). Thus, when performing a legal sufficiency review, we may not reevaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999).

The testimony of any one witness, standing alone, is sufficient to support a conviction if the trier of fact believes that witness beyond a reasonable doubt. *See Blackwell v. State,* 193 S.W.3d 1, 19 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd) (citing *Castillo v. State*, 913 S.W.2d 529, 533 (Tex. Crim. App. 1995). A victim's testimony, standing alone, is sufficient to support a conviction for sexual assault. *See Jensen v. State*, 66 S.W.3d 528, 534 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd).

# THE EVIDENCE

## I. The Complainaint's Testimony

C.M.T.[1] testified that she was walking home from her job as a security guard when someone grabbed her from behind and tackled her to the ground. Her assailant hit her in the head several times and told her that he would kill her if she screamed. The assailant rolled on top of C.M.T. and tried to remove her pants. When he failed, he forced her to take them off. The assailant then got on top of her and started penetrating her. C.M.T. testified that he placed his penis in her vagina. After a short time, he grabbed her by the shirt collar, sat her up, and forced her to perform oral sex on him. The assailant then pushed C.M.T. back down and penetrated her again. He "went back and forth, three or four times." C.M.T. was dizzy from the blows to her head. She finally pretended to faint, hoping he would desist but he kept going.

After the assault, C.M.T. called 911 from her cell phone and stayed on the phone until police arrived. She was terrified her assailant would return. C.M.T. gave a detailed description of her assailant to police. An ambulance arrived. C.M.T.'s diastolic blood pressure was over 200 and her blood sugar was over 300. C.M.T.'s face was swollen, she had a concussion, a broken nose, a fractured cheekbone, one eye almost completely swollen shut and the other half-shut from swelling. When her eye opened up a bit, her vision was still blurry because her eyeball was swollen.

Police showed C.M.T. a photo array in mid-June and she positively identified appellant as her assailant. The photo array shows appellant wearing

---

[1] In this opinion, we use only the complainant's initials.

braids.  At the scene of the assault, C.M.T. told officers that her assailant had braids.  At trial, C.M.T. again positively identified appellant as her assailant.

## II.    Appellant's Testimony

Appellant testified that he saw C.M.T. and stopped and asked her if she needed a ride.  She offered to have sex with him, including performing oral sex, for $100.  C.M.T. told him that she was not a prostitute but "did escorting" sometimes.  He replied that he had only $75 and she agreed.  He gave her $25 and put $50 in the vehicle's ashtray.  Appellant unzipped his pants and C.M.T. performed oral sex.  They then had intercourse.  Appellant was not "really satisfied" and did not want to pay the full amount.  C.M.T. refused to give the money back and jumped out of the car.  Appellant got out and tackled her to get $50 back.  Appellant admitted hitting C.M.T.  After appellant struck her again, C.M.T. got the money out of her bra.

## III.    Other Evidence

A video of the officers' response to the 911 call was admitted into evidence.  It shows appellant being helped from the side of the road by two officers.  C.M.T. is unable to stand, her clothes are disheveled, and one leg of her pants and underwear are completely off.  Her face is bloody.  C.M.T. told officers what had happened.  Her account was consistent with her testimony at trial.

Deputy John Griffin of the Harris County Sheriff's Office responded to the 911 call.  His testimony describing C.M.T. is consistent with the video.  Deputy Griffin said C.M.T. "was extremely traumatized."

At trial, Forensic Nurse Examiner Lori Cummings testified to what C.M.T. told her about the assault.  C.M.T.'s recounting of the events was consistent with her prior statements to police.  Cummings found no injury to C.M.T.'s genitals and

testified this was to be expected with an adult female. DNA was recovered from sperm found on C.M.T. and appellant could not be excluded as a source of that DNA.

Deputy Dung Hoang, an investigator for the Harris County Sheriff's Office, interviewed C.M.T. at the hospital. At trial, he recounted what C.M.T. told him about the assault. Her statements to Deputy Hoang were consistent with her statements to police at the scene and her statements to Nurse Cummings. Deputy Hoang testified that C.M.T. was flustered and terrified.

## ANALYSIS

Appellant argues the record shows no rational basis for the jury to believe C.M.T.'s testimony rather than his. C.M.T. recounted the events of that morning three times before trial. All three accounts were consistent with her testimony at trial. Further, the jury saw C.M.T. on video immediately after the assault and was able to hear for themselves her version of events and see her condition. Deputies Griffin and Hoang testified C.M.T. was traumatized and terrified. There is no evidence in the record that C.M.T. ever engaged in prostitution and she testified that she had never prostituted herself.

Appellant suggests the jury may have been racially biased against him. Appellant fails to refer this court to any evidence in the record that either demonstrates the racial make-up of the jury or supports such an assertion. Appellant complains of C.M.T.'s description to officers at the scene of the assault that his speech was "low rent." C.M.T. was asked whether her assailant had an accent. She said that she called it "low rent," by which she meant uneducated. The jury heard appellant's speech when he testified at trial and was able to determine whether C.M.T.'s characterization was unfair.

5

Under the applicable standard, C.M.T.'s testimony established the elements of the offense. We therefore conclude a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

For these reasons, we overrule appellant's issue. The judgment of the trial court is affirmed.


/s/    Ken Wise
           Justice


Panel consists of Chief Justice Frost and Justices Jamison and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).