**Opinion issued October 20, 1016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-16-00058-CR

————————————

**MICHAEL SINGLETON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 230th District Court**
**Harris County, Texas**
**Trial Court Case No. 1446669**

---

## MEMORANDUM OPINION

After the jury found Michael Singleton guilty of failure to register as a sex offender, the trial court sentenced Singleton to 40 years' imprisonment in the Texas Department of Criminal Justice Institutional Division. Singleton raises as his sole point of error the trial court's failure to grant his motion to dismiss the jury panel. We affirm.

## BACKGROUND

In October 2014, Singleton was indicted for failure to register as a sex offender. During voir dire, Singleton's counsel asked, "How many of you here believe that Mr. Singleton has been previously convicted of a sexual assault crime which requires registration?" In response, jury panel member 29 raised his hand and explained that he based his belief on Singleton's indictment. Singleton's counsel repeated his question and received affirmative responses from jury panel members 1, 2, 3, 4, 6, 7, 8, 9, 11, 12, 13, 14, 15, and 29. At that point, the trial court interrupted and explained:

> Each and every single one of us, including this man right here, is presumed to be innocent unless the government presents evidence to convince beyond a reasonable doubt that he is indeed guilty. That includes presenting evidence that he is the person that has been convicted of that offense . . . It's their job to do it . . . . But until they present it, how do you know?

Singleton's counsel then asked the jurors if they had changed their answers in light of the trial court's instructions, and jury panel members 1, 2, 3, 4, 5, 6, 7, 8, 10, 11, 12, 13, 14, and 15 replied that they had changed their minds. Jury panel member 9 remained convinced that Singleton had committed an offense for which registration is required based on the indictment.

Singleton's counsel then moved to strike the panel, contending that the entire panel was improperly "tainted" because at first many of the jurors believed that Singleton had committed an offense requiring registration prior to the introduction of evidence. Singleton's counsel renewed his objection before and

after the jury strikes were made by the court. The trial court struck for cause jury panel members 1, 2, 6, 8, 9, 10, 14, 15, 17, and 29. During all three objections, Singleton's counsel never requested additional peremptory challenges and never identified an objectionable juror who sat on the panel because Singleton had used all his peremptory challenges.

## DISCUSSION

### I. Standard of Review and Applicable Law

A prospective juror is subject to challenge for bias under the Code of Criminal Procedure, but that challenge may be waived. *See* TEX. CODE CRIM. PROC. ANN. art. 35.16 §§ 9, 11 (West 2005). Further, while the United States and Texas Constitutions provide a constitutional right to an impartial jury, that right may also be waived. *See State v. Morales*, 253 S.W.3d 686, 697 (Tex. Crim. App. 2008) (holding that the Sixth Amendment right to an impartial jury may be waived); *Jones v. State*, 982 S.W.2d 386, 391 (Tex. Crim. App. 1998) (holding that the Texas constitutional right to an impartial jury affords no greater protection than that provided by the Sixth Amendment). To preserve an objection to the denial of a challenge for cause, counsel must (1) exercise a peremptory challenge on the objectionable panel member, (2) exhaust all peremptory challenges, (3) request, and be denied, additional peremptory challenges, and (4) identify another

3

objectionable juror who sat on the case because counsel used all his peremptory challenges. *Johnson v. State*, 43 S.W.3d. 1, 5–6 (Tex. Crim. App. 2001).

We review a trial court's decision to deny a challenge for cause by looking at the entire record to determine whether sufficient evidence supports the ruling. *Davis v. State*, 329 S.W.3d. 798, 807 (Tex. Crim. App. 2010) (citing *Feldman v. State*, 71 S.W.3d. 738, 744 (Tex. Crim. App. 2002)). "The test is whether a bias or prejudice would substantially impair the panel member's ability to carry out the juror's oath and judicial instructions in accordance with the law." *Id*. (citing *Gardner v. State*, 306 S.W.3d. 274, 295 (Tex. Crim. App. 2009)). In applying this test, we must afford considerable deference to the trial court's ruling because the trial judge is in the best position to evaluate a panel member's demeanor and responses. *Id*. A trial court's ruling on a challenge for cause may be reversed only for a clear abuse of discretion. *Id*. (citing *Gardner*, 306 S.W.3d. at 296). "When a panel member's answers are vacillating, unclear, or contradictory, we accord particular deference to the trial court's decision." *Id*. (citing *Gardner*, 306 S.W.3d. at 296).

Before a panel member can be excused for cause, the court must explain the law and must ask the panel members whether they can follow that law irrespective of their personal views. *Id*. The burden of establishing that a challenge is proper rests with its proponent. *Id*; *Castillo v. State*, 913 S.W.2d. 529, 534 (Tex. Crim.

App. 1995) (citing *Hernandez v. State*, 757 S.W.2d. 744, 753 (Tex. Crim. App. 1988)). That burden is not met until the proponent shows that the panel member understood the law and could not overcome his prejudice well enough to follow the law. *Davis*, 329 S.W.3d. at 807.

## II.    Analysis

Singleton argues on appeal that the trial court erred in overruling his objection to strike the entire panel for bias, and that the error violated his federal and Texas constitutional right to an impartial jury, as well as his statutory right to strike biased panel members for cause. *See* TEX. CONST. art. 1 § 10; U.S. CONST. amend.VI; TEX. CODE CRIM. PROC. ANN. art. 35.16 § 9. Singleton's right to an impartial jury is subject to waiver. *See* TEX. CODE CRIM. PROC. ANN. art. 35.16 §§ 9, 11; *Morales*, 253 S.W.3d at 697; *Jones*, 982 S.W.2d at 391. To preserve error, Singleton needed to identify an objectionable panel member who was seated and request additional peremptory strikes to remove the juror. *See Johnson*, 43 S.W.3d. at 4–5. In this case, counsel did neither. Accordingly, we hold that Singleton has waived any error.

Even had Singleton identified an objectionable juror, he failed to satisfy his burden to show bias because he did not demonstrate that any of the selected jurors could not overcome their prejudice well enough to follow the law. *See Castillo*, 913 S.W.2d. at 534; *Davis*, 329 S.W.3d. at 807. Although jury panel members 5,

5

7, and 11 gave vacillating responses to Singleton's question regarding whether they believed Singleton had been convicted of an offense that required registration, we accord particular deference to the trial court's decision. *See Davis*, 329 S.W.3d. at 807. We hold that the trial court did not abuse its discretion in overruling Singleton's objections to the jury panel.

## CONCLUSION

We affirm the judgment of the trial court.

Jane Bland
Justice

Panel consists of Justices Bland, Massengale, and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).